IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**HOWARD DEAN,** individually and on behalf of similarly situated persons,

Plaintiff,

v.

**MHV PIZZA, L.L.C.** and **MARIO VARELA,**

Defendants.

Case No. 4:21-cv-00082-NBB-DAS

Jury Demanded

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement ("Motion for Final Approval"). Having carefully considered Plaintiff's Unopposed Motion for Final Approval and supporting oral arguments presented at the Final Fairness Hearing on November 14, 2022, the undersigned will grant the Motion for Final Approval.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion for Final Approval is **GRANTED** and the Court hereby:

(1) finally certifies the collective action pursuant to Section 216(b) of the FLSA and the class action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only;

(2) grants final approval of the Agreement and adjudging its terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

(3) finds that Defendants have complied with all their obligations pursuant to the

Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA") with respect to this class action settlement;

(4)  approves distribution of the Net Settlement Fund, as defined in the Agreement, to the Participating Class Members;

(5)  approves a service award payment in the amount specified in the Agreement to Named Plaintiff Howard Dean;

(6)  approves payment of the actual costs of the Settlement Claims Administrator in the amount specified in the Declaration of Jeffrey D. Johnson and advanced litigation costs to Class Counsel in the amount set forth in the Declaration of J. Forester, not to exceed the amount set forth in the Agreement;

(7)  approves attorneys' fees to Collective Counsel in an amount not to exceed 33% of the Total Settlement Amount;

(8)  permanently enjoins all Settlement Class Members (other than those who filed timely and valid Exclusion Letters) from prosecuting against Defendants and the Released Parties (as defined in the Agreement) any and all of the Settlement Class Members' Released Claims (as defined in the Agreement);

(9)  permanently enjoins the Class Representative from prosecuting against Defendants and the Released Parties (as defined in the Agreement) any and all of the Class Representative's Released Claims (as defined in the Agreement); and

(10) enters a judgment dismissing this case with prejudice in accordance with the terms of the Agreement.

**IT IS SO ORDERED** this 14th day of November, 2022, by: /s/ Neal Biggers
Neal B. Biggers, Jr.
United States District Judge